UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA MURRAY, et al.,

     Plaintiffs,

                                    CASE No. 1:21-CV-983

v.

                                    HON. ROBERT J. JONKER

CITY OF NEW BUFFALO, et al.,

     Defendants.

_____/

## ORDER

### INTRODUCTION

Short-term property rentals like Vrbo and Airbnb facilitate unique vacation experiences for adventurous travelers and provide income to the property owner.  But neighbors and towns have raised concerns about the effect short-term rentals have on community character, noise levels, and public safety.  The pros and cons are being debated in neighborhood forums, city council meetings, and state legislatures.

Plaintiffs Laura Murray and Timothy Giometti are decidedly in the "pro" camp.  On October 4, 2021, they attended a meeting of the City of New Buffalo City Council hoping to speak during the public comment period on a proposed ordinance that would limit new short-term rental permits in the city.  Plaintiffs say city officials cut off Plaintiff Murray when she started criticizing the mayor's approach and then prevented Plaintiff Giometti from speaking on the same themes, all in violation of their constitutional rights.  Plaintiffs seek a temporary restraining order and preliminary injunction prohibiting Defendants from restricting any person from speaking during the public comment period on the basis of the speaker's actual or anticipated viewpoint or criticism

of public officials or their policy positions.  They hope to speak at the next City of New Buffalo City Council meeting on Tuesday, November 23, 2021, where the agenda includes a vote on the proposed ordinance.

**NO BASIS FOR EX PARTE RELIEF**

Plaintiffs filed this action late in the afternoon on Friday, November 19, 2021.  They claim to need relief no later than November 23, 2021—the date of the upcoming city council meeting where the ordinance will be voted on.  Despite some perfunctory efforts to give Defendants notice of this matter by emailing the city clerk and the mayor, Plaintiffs are asking the Court to enter a TRO on an ex parte basis. Under Rule 65(b)(1), such extraordinary relief requires a convincing showing based on specific facts provided under oath or declaration that irreparable injury will occur before the defense can be heard.

In the Court's view, Plaintiffs have not established a convincing basis for extraordinary ex parte relief.  Plaintiffs do not state why formal notice and an opportunity to be heard should not be given.  FED. R. CIV. P. 65(b)(1)(B).  Nor do they explain why such drastic action is needed to prevent irreparable harm before the next city council meeting.  FED. R. CIV. P. 65(b)(1)(A).  By Plaintiffs' own attestations, this appears to be a long running dispute between Plaintiffs and the city.  At minimum, the specific event Plaintiffs complain about took place seven weeks ago, on October 4, and there was ample time before Friday to bring this lawsuit.

Plaintiffs understandably want to speak at the next council meeting, and presumably they will follow the normal process for seeking recognition to use the three minutes normally allotted to a citizen speaker for public comment.  Whether and when a particular speaker crosses a line from protected First Amendment speech to unprotected personal invective can and will be addressed after everyone has the opportunity to be heard on the issue in this Court.  As

noted, in the next section, each side has good reason to avoid testing the potentially fuzzy limits of that line so citizens can enjoy their three minutes of public comment, and so that everyone can benefit from an open exchange of differing views without needless personal rancor.  At this late hour, the Court does not find a basis for an ex parte temporary restraining order.

## GOING FORWARD

Today's Order in no way prejudges the merits of the case, whether on preliminary injunction or final merits disposition.  Plaintiffs' verified Complaint, accepted at face value, describes what appears to be core political speech, including public criticisms of a public official addressed to the governing body with no profanity or ad hominem attacks.  As Plaintiffs' briefing notes, the Sixth Circuit has as recently as this past summer struck down on both facial and as-applied First Amended theories, a school board's efforts to restrict similar citizen speech during a public meeting.  *Ison v. Madison Local School District Bd. of Educ.*, 3 F.4th 887 (6th Cir. 2021).  At minimum, the defense will have to deal with this case and the authority it cites, and the city would be well advised to do so before the November 23rd meeting.

Certainly, local boards and city councils have legitimate reasons for having rules to maintain decorum at public meetings.  Indeed, the "preservation of order in city council meetings to ensure that the meetings can be efficiently conducted" is a legitimate government interest that the city may well be trying to advance with things like Rule 12(A) and (D) of the City Council Rules.  *Timmon v. Wood*, 316 F. App'x 364, 366 (6th Cir. 2007) (remanding for consideration of citizen's First Amendment challenge to application of Lansing City Council rule on public comment).  But such rules can easily be invoked (and applied) in a manner that leads to at least the perception—and perhaps the reality—of an impermissible silencing of certain viewpoints.  The city should carefully weight that concern before invoking the rule.  *Cf. Timmon v. Wood*, 633

F. Supp. 2d 453, 465 (W.D. Mich. 2008) ("[W]ith the benefit of hindsight it surely seems more prudent for the [Lansing City] Council to permit Plaintiff to comment without interruption during her brief allotment of three minutes.")  This is especially true in light of recent Circuit authority in *Ison* that at least calls into question the facial validity of rules like Rule 12(A) and (D).   Criticism can be uncomfortable for a public official to hear, to be sure, but it is part of the job for any public servant accountable to his or her constituency.

The defense may well have arguments to distinguish *Ison*, have a different take on the facts, or have other defenses to the claims here.  The defense needs a meaningful opportunity to present all such arguments before the Court weighs in with any kind of injunctive relief.  Nothing the Court has said here today should be taken as having decided the merits, one way or the other.

## CONCLUSION

**ACCORDINGLY,** to the extent Plaintiffs seek an ex parte TRO, the motion is **DENIED.** The Court will separately consider whether a preliminary injunction should issue, but not before defendants are served with the complaint and motion papers, and have had 14 days from the date of service within which to file their response to Plaintiff's motion.

**IT IS SO ORDERED.**

Dated:   November 22, 2021            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE